NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

CIVIL ACTION NO. 06-CV-281-GFVT

TRAVIS MCKINLEY FRIEND                                                                    PETITIONER

VS:                              **MEMORANDUM OPINION AND ORDER**

SUZANNE HASTINGS, WARDEN                                                           RESPONDENT

\*\* \*\* \*\* \*\* \*\*

Travis McKinley Friend ("Friend") is a prisoner incarcerated at the United States Penitentiary-Big Sandy in Inez, Kentucky, and has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 2]. This matter is before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).

As Friend is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.      BACKGROUND**

On June 21, 1999, Friend was indicted for conspiracy to interfere with interstate commerce through the use of violence in violation of 18 U.S.C. §1951(f), and carjacking

resulting in death in violation of 18 U.S.C. §2119(2),(3). On April 17, 2000, Friend pled guilty to the above offenses pursuant to a written plea agreement with the United States. On October 24, 2000, Friend was sentenced to concurrent terms of 240 months and life in prison to be followed by a five-year term of supervised release. It appears that Friend pled guilty to another carjacking, which also resulted in the death of the victim, in a separate proceeding resulting in a second life sentence. *See United States v. Friend*, 2003 WL 22998537 (4th Cir. 2003) (unpublished disposition). A more detailed description of Friend's participation and role in these murders can be found in *United States v. Scruggs*, 356 F.3d 539 (4th Cir. 2004).

Friend then filed a notice of appeal to the Fourth Circuit, which affirmed his conviction on appeal. On December 13, 2001, Friend filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255. Following an evidentiary hearing before the magistrate judge on January 3, 2003, the district court adopted his report and recommendation that the motion be denied. On December 12, 2003, the Fourth Circuit denied Friend's request for a certificate of appealability. *United States v. Friend*, 99-CR-201, Eastern District of Virginia [Record Nos. 1, 3, 118, 343-45, 486, 565, 595, 604, 622 therein].

In his present petition, Friend asserts that the United States violated its obligation to disclose exculpatory evidence during his criminal proceedings as required by *Brady v. Maryland*, 373 U.S. 83 (1963). Friend alleges that on April 14, 2000, the Chief Medical Examiner of Virginia's Department of Health performed an autopsy on the victim and concluded that the cause of death was "homicidal violence type undetermined." Friend alleges that he became aware of the autopsy for the first time in 2004. The Court notes that after that date, Friend filed a motion requesting permission to file a second or successive petition pursuant to 28 U.S.C. §2244

2

on January 6, 2006, which the Fourth Circuit denied on February 27, 2006. *In re: Travis Friend*, 06-154, Fourth Circuit Court of Appeals.

**II.    DISCUSSION**

Friend's assertions are not cognizable through a habeas corpus petition pursuant to 28 U.S.C. §2241. Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). But it is not generally available to challenge his conviction or sentence itself. Instead, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. §2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

However, the "savings clause" of Section 2255 expressly permits a prisoner to seek habeas corpus relief under Section 2241 if his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. §2255, ¶5. While Friend does not expressly assert that his Section 2255 remedy is inadequate or ineffective to accomplish this, the Court liberally construes his petition, *Urbina*, 270 F.3d at 295, to invoke Section 2255's savings clause.

However, before Friend's claims may be considered on the merits under Section 2241, the Court must determine whether his remedy under Section 2255 is truly "inadequate or ineffective." Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy is truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Id.* at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d at 756.

To date, the Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004). Technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence," meaning that the petitioner did not commit the conduct proscribed by the criminal statute under which he was convicted. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

Notwithstanding its label, the "factual innocence" requirement does not invite or permit the habeas petitioner to challenge the sufficiency of the evidence adduced against him at trial. Factual innocence must instead be predicated upon a Supreme Court decision, decided after the petitioner's conviction became final, which interprets the criminal statute under which he was convicted in a materially different manner than that prevailing at the time of his conviction. *Id.* at 804; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause."). In other words, a petitioner may only use Section 2241 to challenge his conviction where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such

a way that petitioner's actions did not violate the statute. *Martin*, 319 F.3d at 804 ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of §2255 and proceed under §2241."); *Peterman*, 249 F.3d at 461-62.

Friend's claim, that he discovered in 2004 that the United States violated *Brady* by withholding exculpatory evidence from him during his criminal proceedings in 2000, is not a claim of "actual innocence" because, even if true, the trial court would not have convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin*, 319 F.3d at 805; *Charles*, 180 F.3d at 757. Section 2255 readily permits Friend to pursue this claim through its permission to file a second or successive motion on the basis of "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. §2255, Eighth unnumbered paragraph, subsection (2). Because Section 2255 is plainly an adequate and effective means to assert his claim, that claim is thus not cognizable in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

## III. CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)  Petitioner Travis McKinley Friend's petition for a writ of habeas corpus is **DENIED.**

(2)  The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This the 29th day of December, 2006.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge